**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-20658
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNIE FOWLER III,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(95-CR-217-1)

July 15, 1997

Before POLITZ, Chief Judge, JOLLY and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Johnnie Fowler III appeals his jury conviction for possession with intent to

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

distribute more than 100 grams of phencyclidine (PCP).[1]  Our review of the record and the relevant authorities persuades that no reversible error was committed.  Fowler complains of the evidence of the quantity of drugs.  The quantity of drugs is not an element of the offense.[2]  The record reflects that Fowler possessed 28.78 *actual* grams of PCP.  Under Sentencing Guideline § 2D1.1(c)(7), the Drug Quantity Table, that amount of drugs corresponds to a base offense level of 26, the base offense level used by the district court in the sentencing computation.

Fowler complains of the use of a prior conviction. The government complied with 21 U.S.C. § 851 by filing an information before trial identifying the prior convictions upon which it was relying.  Fowler made no challenge thereto.  The district court did not err in enhancing Fowler's sentence pursuant to 21 U.S.C. § 841(b)(1)(B).

The record is not sufficiently developed for us to address, on this direct appeal, Fowler's ineffective assistance of counsel claims.[3]  That must remain for another day.

Finally, Fowler's complaint concerning the admission of extraneous evidence about an earlier search of his home, involving his father, does not rise to the level of adversely affecting his substantial rights.[4]  We perceive no basis for reversible error.

---

[1] 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(A).

[2] **United States v. Castillo,** 77 F.3d 1480 (5th Cir.), *cert. denied*, 117 S. Ct. 180 (1996).

[3] **United States v. Packer**, 70 F.3d 357 (5th Cir. 1995), *cert. denied*, 117 S. Ct. 75 (1996).

[4] **United States v. Calverley**, 37 F.3d 160 (5th Cir. 1994) (en banc).

AFFIRMED.